UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JEFFREY BRITTO,

       Plaintiff,

       v.

UMASS CORRECTIONAL HEALTH,
MASSACHUSETTS PARTNERSHIP FOR
CORRECTIONAL HEALTH,
GERI CRISMAN-RONDEAU, JAMES
FERRIARI, ELLEN KURTZ, THOMAS
GROBLEWSKI, REBECCA LUBELCZYK,
HERBERT DUNGO, MAUREEN ATKINS,
STEPHANIE BYRON, DR. FRANKIE LNU,
CASSANDRA WARTMAN, LAWRENCE
CHURCHVILLE, LAWRENCE WEINER,
STEPHANIE COLLINS, DYANA NICKL,
AND CYNTHIA SUMNER,

       Defendants.
_____

Civil Case No.
17-11956-FDS

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will grant the motion to proceed *in forma pauperis*, deny without prejudice the motion for appointment of counsel, deny without prejudice the motion for discovery, and order the plaintiff to file an amended complaint within 28 days of the entry of this memorandum and order.

**I.**    **Background**

On October 11, 2017, *pro se* prisoner plaintiff Jeffrey Britto filed a voluminous complaint against UMass Correctional Health, Massachusetts Partnership for Correctional Health, Geri Crisman Rondeau, James Ferriari, Ellen Kurtz, Thomas Groblewski, MD, Rebecca

Lubelczyk, Herbert Dungo, Maureen Atkins, Stephanie Byron, Dr. Frankie LNU, Cassandra Wartman, Lawrence Churchville, Lawrence Weiner, Stephanie Collins, Dyana Nickl, and Cynthia Sumner. The 35-page complaint is a chronological narrative covering twenty years of alleged inadequate medical treatment. Plaintiff asserts claims against all defendants together under the Eighth Amendment and for medical malpractice. Attached to the complaint are 98 pages of exhibits. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for discovery.

**II.** **Discussion**

    **A.** **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* (and prisoner account statement) and finds that it is meritorious. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $44.85. The remainder of the fee, $305.15, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

    **B.** **Plaintiff's Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel will be denied without prejudice. The Court may request an attorney to represent plaintiff if it finds that (1) plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness infringing on his due-process rights. *DesRosiers v. Moran*, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. 1915(e)(1). While the plaintiff is indigent, the motion for appointment is premature. The Court may consider appointment of counsel later in this litigation once the disputed issues have become clear.

    **C.** **Plaintiff's Motion for Discovery**

Plaintiff's motion for discovery will be denied without prejudice as premature. To the

extent the complaint (or amended version of it) survives screening, it will be served and the defendants will respond. Discovery will be permitted in due course as to any claims that survive that process.

      **D.**    **Preliminary Screening – Amendment of the Complaint**

Because plaintiff is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. §1915 (e)(2)(B) and 28 U.S.C. § 1915A. These statutes authorize a court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. In connection with this preliminary screening, plaintiff's *pro se* complaint is construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

The complaint fails to comply with rule Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st

Cir. 1995)). Similarly, Rule 10 requires that a plaintiff must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances", and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b).

The complaint is anything but a "short and plain statement." Rather, it is an episodic and confusing narrative spanning at least twenty years. The basic allegations of the complaint are understandable, but the manner in which the complaint is pleaded is problematic because it describes wide-ranging alleged conduct over long periods of time by multiple, unrelated individuals. For example, the complaint alleges that plaintiff's various health conditions have been disregarded by at least three different prisons and multiple different defendants at each prison, but the claims against particular defendants are not specified. Furthermore, many defendants are identified in the complaint as to whom no direct allegations of wrongdoing have been made. At a minimum, this type of pleading does not provide the defendants with a meaningful opportunity to mount a defense and appropriately respond to the complaint.

The complaint also appears to have other potential problems. First, the complaint appears to allege claims that may be barred by the applicable statute of limitations. For example, plaintiff's federal civil rights and tort-based causes of action are subject to a three-year limitations period. *Abernathy v. Dewey*, 277 F. Supp. 3d 129 (D. Mass. 2017) (citing *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003); Mass. Gen. Laws ch. 260, § 2A (negligence); Mass. Gen Laws ch. 260 §4 (medical malpractice). The Court cannot clearly determine the contours of the timing of the claims; however, many of the alleged acts and omissions appear to have occurred more than three years prior to the filing of the complaint.

Second, claims for monetary damages under 42 U.S.C. §1983 against UMass

4

Correctional Health are barred under the doctrine of sovereign immunity. It is well-settled that the Eleventh Amendment bars suits in federal courts against an unconsenting state brought by its own citizens as well as by citizens of another state. *Pennhurst State Sch.& Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). For purposes of the Eleventh Amendment, "[j]udges in this District have uniformly held that under the First Circuit's multi-factor test, the University of Massachusetts and UMASS Medical School are arms of the Commonwealth of Massachusetts." *Sepulveda v. UMass Corr. Health Care*, 160 F. Supp. 3d 371, 395 (D. Mass. 2016). "Accordingly, section 1983 claims for monetary damages against UMCH are barred by the Eleventh Amendment." *Id.* Although the Eleventh Amendment does not necessarily bar claims for injunctive or declaratory relief against a state official in his or her official capacity, any claim for injunctive relief against former UMHC officials appears to be moot, as the complaint does not allege that UMCH provides services to the Department of Corrections. Similarly, any state claims for negligence may not be brought in federal court against UMHC. *Id.* Furthermore, claims against individual defendants in their official capacities as state officials for monetary damages under 42 U.S.C. §1983 are barred as they are not "persons" for purposes of a section 1983 claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official as an individual).

At this stage, and at a minimum, the complaint will need to be amended. If plaintiff wishes to proceed in matter, he must file, within 28 days of the date of this memorandum and order, an amended complaint setting forth plausible claims upon which relief can be granted. In preparing the amended complaint, plaintiff should set forth his claims in chronological, numbered paragraphs. The amended complaint should focus on the specific legal claims against

5

each defendant, along with the timing and the basis for such claims. In other words, the amended complaint should set forth minimal facts as to who did what to whom, when, where, and why. It should not assert claims collectively against the defendants, but rather should specify the claims against each defendant, or if appropriate, groups of defendants, separately. It also should not assert multiple causes of action against a defendant in one count; rather, it should identify separately each cause of action and the grounds for that claim.

Upon filing of an amended complaint, the complaint will be further screened. Instead of refiling exhibits, the amended complaint may refer to exhibits attached to the original complaint if he chooses. However, the factual allegations of the amended complaint must be sufficient on their own.

### III. Conclusion

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $44.85. The remainder of the fee, $305.15, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. Plaintiff's motion for appointment of counsel is hereby DENIED without prejudice.

3. Plaintiff's Motion for Discovery is DENIED without prejudice.

4. Plaintiff shall, within 28 days of the date of this memorandum and order (that is, by March 26, 2018), file an amended complaint in accordance with the terms set forth above.

5. Failure to comply with this order will likely result in dismissal of this action.

**So Ordered.**

                                                                       /s/ F. Dennis Saylor  
                                                                       F. Dennis Saylor IV  
Dated: February 26, 2018                           United States District Judge