UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**JEFFREY BRITTO,**                 )
                                    )   Civil Case No.
      **Plaintiff,**  )   17-11956-FDS
                                    )
      **v.**         )
                                    )
**UMASS CORRECTIONAL HEALTH,**      )
**MASSACHUSETTS PARTNERSHIP FOR**   )
**CORRECTIONAL HEALTH,**            )
**GERI CRISMAN-RONDEAU, JAMES**     )
**FERRIARI, ELLEN KURTZ, THOMAS**   )
**GROBLEWSKI, REBECCA LUBELCZKY,**  )
**HERBERT DUNGO, MAUREEN ATKINS,**  )
**STEPHANIE BYRON, DR. FRANKIE LNU,** )
**CASSANDRA WARTMAN, LAWRENCE**     )
**CHURCHVILLE, LAWRENCE WIENER,**   )
**STEPHANIE COLLINS, DYANA NICKL,** )
**and CYNTHIA SUMNER,**             )
                                    )
      **Defendants.** )
_____ )

# MEMORANDUM AND ORDER
## ON MOTION FOR RECONSIDERATION

**SAYLOR, J.**

This is an action by a state prisoner, essentially claiming medical malpractice; a claim under 42 U.S.C. § 1983 for deliberate indifference to medical needs; and claims under the Americans with Disabilities Act and the Rehabilitation Act. For the reasons stated below, the Court will deny plaintiff's motion for an extension of time and his motion for reconsideration of the Order of Dismissal issued by the Court on June 19, 2018.

I. **Background**

On October 11, 2017, *pro se* prisoner plaintiff Jeffrey Britto filed a voluminous complaint against UMass Correctional Health, Massachusetts Partnership for Correctional Health, Geri Crisman-Rondeau, James Ferriari, Ellen Kurtz, Thomas Groblewski, Rebecca Lubelczky, Herbert Dungo, Maureen Atkins, Stephanie Byron, Dr. Frankie LNU, Cassandra Wartman, Lawrence Churchville, Lawrence Wiener, Stephanie Collins, Dyana Nickl, and Cynthia Sumner. The 35-page complaint included a narrative covering twenty years of allegedly inadequate medical treatment. Britto alleged that he suffered from a variety of medical problems over that period of time, and that all of his conditions have been misdiagnosed, mistreated, or neglected. He appears to assert claims against virtually every health-care provider who ever treated him as a prisoner.

Along with his complaint, Britto filed 98 pages of exhibits, a motion to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for discovery. On February 26, 2018, the Court granted plaintiff's motion to proceed *in forma pauperis*, and denied both his motion for appointment of counsel and his motion for discovery. In performing its preliminary screening, the Court determined that the complaint failed to comply with Fed. R. Civ. P. 8 because it failed to provide a short and plain statement of the claims. The Court accordingly ordered that Britto file an amended complaint within 28 days of the order, and explained that failure to do so would likely result in dismissal of the action.

Britto has since filed a total of four motions for extension of time to address the Court's order. On March 23, 2018, the Court granted his first motion for extension of time to file, allowing him to file an amended complaint on or before May 1, 2018. On May 7, 2018, the

Court granted plaintiff's second motion for extension of time to file, allowing him to file an amended complaint on or before June 15, 2018. Britto's second motion for an extension of time specifically stated that "no further enlargements will be requested"; accordingly, the Court ordered at that time that no more extensions of time would be granted and warned Britto that the case would be dismissed if the amended complaint was not filed by the ordered date. Britto filed a third motion for extension of time on June 18, 2018, after the June 15 deadline to file his amended complaint. On June 19, 2018, the Court denied the motion for failing to show a compelling reason for a further extension and dismissed the case for failure to comply with the Court's previous orders.

On July 5, 2018, Britto filed a motion to reconsider the order of dismissal, and a "short request for enlargement of time up to and including 7/5/2018." With that motion, plaintiff included an affidavit from John E. Stote, "Chairman of the MCI-Norfolk Legal Advisory Committee." Stote states that he regularly assists inmates at MCI-Norfolk with legal matters and that he has been helping Britto with this case. He also states that he was unable to help Britto meet the deadlines for filing the amended complaint due to recent back surgery.

On July 9, 2018, Britto filed an amended complaint with the Court.

## II. Discussion

### A. Court-Ordered Filing Deadlines

"The district court has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533 (1st Cir. 2006). Courts have discretion to demand strict adherence to deadlines in order to

3

manage their crowded dockets. *See Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990) (finding that district courts "must often be firm in managing crowded dockets and demanding adherence to announced deadlines"). In this case, the Court, in light of plaintiff's *pro se* status, granted two motions for extension of time. In the second such motion, granted on May 8, 2018, plaintiff specifically stated that "no further enlargements will be requested." Although the Court commends Stote for his willingness to help his fellow prisoners, he is not a lawyer and does not represent plaintiff. It was plaintiff's responsibility to file an amended complaint, and Stote's recent surgery is not good cause for taking four months to do so. Given the circumstances, denial of the third motion for extension of time was reasonable, and the case was properly dismissed on grounds of failure to comply with the Court's orders of February 26 and May 8, 2018. *See McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995) (finding no error in dismissal of case after third extension of time was denied).

### B. Substance of Amended Complaint

Although the Court is not making a ruling of any kind on the merits of the case, a brief comment on the substance of the amended complaint is warranted.

First, in the Court's review of the amended complaint, it appears likely that many the claims put forth against defendants result from alleged actions that fall outside the relevant limitations period. *See* Mass. Gen. Laws ch. 260, § 4 ("Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where

the action is based upon the leaving of a foreign object in the body."); (Am. Compl. ¶¶ 33-42 (describing events that occurred in 2010-2011)).

Second, Mass. Gen. Laws ch. 231, § 60B requires that "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal," where "the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." If the tribunal finds for the defendant, or the plaintiff wishes to avoid the tribunal, the plaintiff may file bond in the amount of six thousand dollars, after which a claim may be brought in district court. *Id.* In this case, plaintiff has neither gone through the tribunal process nor filed the necessary bond, and would therefore likely be unable to bring his malpractice claims in this Court before doing so.

The requirement to bring state medical-malpractice claims before a tribunal does not apply to constitutional claims under the Eighth Amendment for deliberate indifference. *Mackenzie v. Nelson*, 2015 WL 1308800 (D. Mass. Mar. 23, 2015) (addressing whether plaintiff had stated a claim for deliberate indifference under the Eighth Amendment after separately referring medical malpractice claims to tribunal); *Rua v. Goldis*, 2012 WL 4753279 (D. Mass. Oct. 3, 2012) (same); *Black v. United States*, 2012 WL 3201677 (D. Mass. Aug. 3, 2012) (same); *see Brace v. Massachusetts*, 673 F. Supp. 2d 36, 41-42 (D. Mass. 2009). Nonetheless, the amended complaint alleges, in substance, an extensive history of medical malpractice, and it is couched in those terms. It is difficult, if not impossible, to ascertain what facts underlie the claims plaintiff asserts arise separately under the Eighth Amendment, to which defendants those

5

claims apply, and when any alleged deliberate indifference occurred. The claims under the ADA and Rehabilitation Act are likewise obscure and difficult to understand. Plaintiff was given an opportunity to address the problems and to produce a complaint that complies with Rule 8, and did not do so within the requisite time.

## III. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration of the order of dismissal and for an extension of time are DENIED.

**So Ordered.**

Dated: July 26, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge